UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                            Case Nos.    3:05cr34/RV/CJK
                                                           3:12cv37RV/CJK

ANDREW ROSS GRIMSLEY
_____/

REPORT AND RECOMMENDATION

     This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 26).  The Government has filed a response (doc. 28), and Defendant has filed a reply (doc. 29).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied as it is untimely and, alternatively, without merit. *See* Rules Governing Section 2255 Cases 8(a) and (b).

**PROCEDURAL BACKGROUND**

     Defendant pleaded guilty to two controlled substance charges in 2005 and the court sentenced him to concurrent terms of 120 and 71 months imprisonment (doc.

21).  After judgment was entered on August 23, 2005, Defendant neither appealed nor filed anything else with the court until filing a "Petition for Commutation of Sentence in 2012 (doc. 24).  The petition contained argument that appeared to be intended to be a motion to vacate pursuant to 28 U.S.C. § 2255, and therefore Defendant was advised that in order for the court to consider his § 2255 motion, he had to file an amended motion using the proper court form (doc. 25).  It is Defendant's amended motion that is now before the court.  Defendant raises four grounds for relief in this motion, which the Government opposes in its entirety.

## LEGAL ANALYSIS

### Timeliness of the Motion

As an initial matter, the court considers the timeliness of Defendant's motion. Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Defendant's motion, filed over six years after his judgment of conviction became final, is facially untimely.  Defendant appears to contend that the court should entertain his motion because the district court lacked jurisdiction over the offense of which he was convicted.  Defendant's jurisdictional argument does not

defeat the time bar, owing to its lack of merit, which the undersigned will briefly discuss below.

## **General Standard of Review**

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).  It is mainly the court's jursidiction that Defendant seeks to attack herein.   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  *Nyhuis*, 211 F.3d

at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n. 14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.  Liberally construing Defendant's claims, he asserts that they were not raised previously due to counsel's ineffectiveness.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d, 1, 8 (11th Cir. 2012).  In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland*'s two part test also applies to guilty pleas.  *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).  A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial.  *Id* at 1384–85 (quoting *Hill*, 474 U.S. at 59).  A defendant's "after the fact testimony concerning his desire to plead, without more, is insufficient to establish" prejudice.  *Pericles v. United States*, Case No. 12-14505, 2014 WL 2198514 (11th Cir. May 28, 2014) (quoting *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991)).  In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).  Relevant to this case, counsel is not ineffective for failing to preserve or argue a meritless claim.  *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir.

2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit).

### **Defendant's claims for relief**

Defendant's claims are each based on his assertion that the statute under which he was convicted, 21 U.S.C. § 841, part of the Controlled Substances Act, is unconstitutional.  In Grounds Two and Three, Defendant contends that his rights under the Tenth Amendment and his due process rights were violated because he was convicted under a constitutionally invalid statute, because it allowed prosecution of localized crimes.  In Grounds One and Four, Defendant contends that the court did not have jurisdiction over him due to the constitutional infirmity of the statute and that counsel was constitutionally ineffective for failing to so inform him.  Defendant's position has repeatedly been rejected by the courts.  The Controlled Substances Act criminalizes both intrastate and interstate illegal drug distribution activities, due to the effect that the former has on interstate commerce in general, without offending the Commerce Clause. *See Gonzales v. Raich*, 545 U.S. 1, 15–23 (2005).  This statute has been repeatedly upheld as constitutional, and Defendant's arguments fail on their merits.  *See, e.g., United States v. Jackson*, 111 F.3d 101, 102 (11th Cir. 1997); *United States v. Bernard*, 47 F.3d 1101, 1103 (11th Cir. 1995); *United States v. Lopez*, 459 F.2d 949 (5th Cir.), *cert. denied*, 409 U.S. 878 (1972)[1]; *United States v. Peterson*, 194 Fed. App'x 786 (11th Cir. 2006); *United States v. Moon*, 151 F. App'x

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (*en banc*), the Eleventh Circuit held that all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit.

807, 809 (11th Cir. 2005); *United States v. Genao*,79 F.3d 1333 (2d Cir. 1996); *United States v. Davis*, 288 F.3d 359 (8th Cir. 2002); *cf. United States v. Maxwell*, 446 F.3d 1210 (11th Cir. 2006)(applying rationale in *Gonzales* to child pornography cases due to effect on interstate commerce); *United States v. Paige*, 604 F.3d 1268 (11th Cir. 2010) (same). To the extent Defendant asserts his entitlement to relief based on counsel's allegedly deficient performance, as noted above, counsel is not constitutionally ineffective for failing to raise a meritless claim. In point of fact, had counsel advised Defendant (as Defendant now claims counsel should have) such would have been defective advice. Defendant has not established that he is entitled to relief.

### Conclusion

Defendant's motion is untimely, and his meritless jurisdictional arguments do not excuse the untimeliness of the motion. No evidentiary hearing is necessary, and Defendant's motion should be denied in its entirety.

### Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case 3:05-cr-00034-RV-CJK   Document 33   Filed 07/10/14   Page 8 of 8

Page 8 of 8

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 26) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 10th day of July, 2014.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

Case Nos.: 3:05cr34/RV/CJK; 3:12cv37/RV/CJK